UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUVAN JAMES BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:23CV443-PPS/APR |
| | ) |
| WARDEN, FCI BECKLEY, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

In a consolidated sentencing on November 15, 2019 in Case Nos. 2:17CR7-PPS and 2:19CR76, I sentenced Juvan Brown to an aggregate prison term of 108 months on charges of heroin distribution and possession with intent to distribute both crack and heroin  Brown has not filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 in which he argues that the Bureau of Prisons is wrongly refusing to apply certain credits toward his release date on that sentence. [DE 1 at 6].  The argument is familiar. Brown recently made the same assertion in motions filed in his closed criminal case. [No. 2:17CR7, DE 62 at 2, DE 63 at 1.]

As I explained in my ruling there, the Bureau of Prisons, by delegation from the Attorney General, is vested with the authority to determine credit toward a sentence of imprisonment; the sentencing court has no such authority.  *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992).  I further explained that a federal inmate such as Brown may challenge the application of potential sentence credits in the calculation of his sentence

in a habeas corpus petition filed pursuant to 28 U.S.C. §2241.  *Setser v. United States*, 566 U.S. 231, 244 (2012).  So far, so good.

But Brown has filed his §2241 petition in the wrong court.  As I also explained in my November 29, 2023 ruling in the criminal cases, a "habeas petition must be filed in the district where the prisoner is confined." *Sanders v. M. Joseph*, 72 F.4th 822, 823 n.1 (7th Cir. 2023), citing 18 U.S.C. §§2242, 2243.  "Whenever a 28 U.S.C. §2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004).  Although Brown's §2241 petition names as respondent Warden Holzapfel of FCI Beckley in Beaver, West Virginia, where Brown is confined, this petition is erroneously filed in the Northern District of Indiana rather than the Southern District of West Virginia.  I am unable to grant Brown any assistance with the matter of his FSA credits.  Dismissal for lack of jurisdiction is required.

ACCORDINGLY:

Petitioner, Juvan J. Brown's Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241 [DE 1] is DENIED WITHOUT PREJUDICE to being heard and determined in the proper district court.

ENTERED:  December 19, 2023.

/s/ Philip P. Simon  
UNITED STATES DISTRICT JUDGE